IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| FIRST FLIGHT LIMITED PARTNERSHIP | * | |
| Plaintiff/Counter-Defendant, | * | |
| v. | * | Civil No. 8:18-cv-00720-TDC |
| ALLIANCE TECHNOLOGY GROUP, LLC | * | |
| Defendant/Counter-Plaintiff. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF ALLIANCE TECHNOLOGY GROUP, LLC'S MOTION TO COMPEL DISCOVERY RESPONSES AND DOCUMENT PRODUCTION AND MOTION TO EXTEND THE COURT'S SCHEDULING ORDER**

Defendant/Counter-Plaintiff, Alliance Technology Group, LLC ("Alliance"), by its attorneys, hereby files this Memorandum in Support of its Motion to Compel Discovery Responses and Document Production and Motion to Extend the Court's Scheduling Order.

**I.   INTRODUCTION**

Over one year after this matter was filed, and over five months after its discovery responses were due, Plaintiff First Flight Limited Partnership ("First Flight") has failed to provide Alliance with its responses to Alliance's discovery requests. Although First Flight recently produced documents to Alliance, that document production was primarily a regurgitation of a document production Alliance made as a witness in separate litigation involving to an entity owned, controlled and operated by First Flight's principal, Barrie Peterson. Alliance has attempted to work with First Flight to extend the deadlines in this matter to accommodate First Flight, but Alliance can no longer wait for First Flight to provide its responses given the current Scheduling Order in this case. Alliance

accordingly requests that this Court enter an order compelling First Flight to provide to Alliance First Flight's discovery responses and additional document production (described below), as well as an order extending the Court's Scheduling Order in this case.

## II.     FACTUAL BACKGROUND

A.     History of Discovery in this Matter.

Plaintiff/Counter-Defendant First Flight Limited Partnership ("First Flight") filed this action against Alliance over one year ago on January 2, 2018 in the United States District Court for the Eastern District of Virginia. Over First Flight's opposition, the Eastern District of Virginia Court granted Alliance's Motion to Transfer Venue to this Court, and as a result, on March 12, 2018, this Court first entered a Case Management Order (Dkt.15). At the request and agreement of the parties, the Honorable Jillyn K. Schulze presided over a mediation of this matter on July 12, 2018. The case did not settle at mediation. Since the mediation, the Court has issued two (2) Scheduling Orders, first on July 23, 2018 (Dkt. 28), which Order, among other things, set a discovery deadline of December 17, 2018. On November 16, 2018, the parties jointly moved for a modification of the Scheduling Order in this case (Dkt. 33), which motion the Court granted, extending the discovery schedule in this case until February 15, 2019 (Dkt. 24).

On August 21, 2018, First Flight propounded a Request for Production of Documents to Alliance. As described in the parties' Joint Motion to Extend the Discovery Schedule, the principals of Alliance experienced a death in their family that impacted their ability to gather and review documents responsive to that document request. This delay also impacted the parties' ability to schedule depositions. On or about November 16, 2018, Alliance responded formally to First Flight's Request for

2

Production of Documents, and provided those documents responsive to First Flight's request.

On August 28, 2018, Alliance propounded a First Set of Interrogatories to First Flight and a First Request for Production of Documents to First Flight. A copy of those documents are attached hereto respectively as Exs. 1 and 2. First Flight's responses to Alliance's discovery were due on or about September 27, 2018. Due to the delay that Alliance experienced with respect to its own document production, Alliance agreed to allow First Flight additional time to respond to its discovery. Once Alliance made its document production, however, it began asking First Flight to respond to Alliance's discovery. Notwithstanding multiple requests over the last two months, and repeated promises by First Flight, First Flight has not formally responded either to Alliance's Interrogatories or to Alliance's Requests for Production. In the last two weeks, First Flight did produce a set of documents which First Fights claims are responsive to Alliance's Requests, but as is described in more detail, that production is problematic and impacts Alliance's ability to conduct discovery.

The history of the parties' interactions with respect to discovery responses is as follows. On September 25, 2018, undersigned counsel wrote to counsel for First Flight indicating that he needed additional time to gather documents responsive to First Flight's document request. First Flight's counsel responded that First Flight "may also be late." *See* 9/25/18 email exchange, attached as Ex. 3. On October 24, 2018, Alliance's counsel informed First Flight's counsel of the death in his client's family, and requested additional time to produce documents. In that exchange, undersigned counsel also asked counsel for First Flight about the format of document production. First Flight's counsel

responded that he would likely be producing his client's documents in PDF format. *See* 10/24/18 email exchange attached as Ex. 4.

On November 12, 2018, undersigned counsel wrote to counsel for First Flight, informing counsel that Alliance would be producing its documents the following week (Alliance actually made its production on November 16, 2019). In response, counsel for First Flight stated that he would have his client's documents ready for production "next week." *See* 11/12/18 email exchange attached as Ex. 5. Neither the responses nor the document production from First Flight were forthcoming.

On December 10, 2018, undersigned counsel wrote to counsel for First Flight asking for an update on the status of First Flight's discovery responses. In that email, undersigned counsel indicated he needed First Flight's discovery responses within a week so that deposition planning could begin. *See* 12/10/18 email attached as Ex. 6. Having received no response, undersigned counsel wrote again to First Flight's counsel on December 20, 2018 indicating that if Alliance did not receive the responses by Monday, December 24, 2018, Alliance would file a motion to compel those responses. On that same day, First Flight counsel responded that he had been in court but that he would try to get the responses out to First Flight the next week (the week of the 24th). *See* 12/20/18 email exchange, attached as Ex. 7.

Still having received no responses by January 2, 2019, counsel for Alliance wrote again to counsel for First Flight asking for responses and undersigned counsel indicated that if he did not receive the First Flight responses by Friday January 4th, Alliance would move for costs and other sanctions. Counsel for First Flight responded by saying that he should have the "bulk of the documents today." He further wrote he "will need to review them for privilege before I send them to you early next week." *See* 1/2/19 email

4

exchange, attached as Ex. 8.  On January 7, 2019, counsel for First Flight wrote in response to a question about the status of the Interrogatory answers, that "they are 90% done."  *See* 1/7/19 email, attached as Ex. 9.  On January 8, 2019, counsel for First Flight mailed a USB "stick" with documents that First Flight claimed were responsive to Alliance's discovery requests.  Counsel for First Flight again indicated that he would be finishing the formal responses to discovery.  *Id.*  Undersigned counsel has received no further communications from First Flight's counsel, and First Flight has not provided responses to Alliance's discovery.

> B.  First Flight's Document Production Consist Primarily of a Previous Document Production Alliance Made in a Related Case in Virginia.

First Flight has alleged in its Complaint that Alliance breached a lease for a commercial building in Hagerstown, Maryland.  First Flight's vanilla allegations mask a complicated reality that involves multiple contracts between and among a number of entities which pursued government contract awards from the U.S. Department of Defense, including an entity known as Marble Mountain OC, LLC ("MMOC").  MMOC is owned, controlled and operated by Barrie Peterson, who also owns, controls and operates First Flight.  As is described in Alliance's Answer, Affirmative Defenses to Complaint and Counterclaim of Alliance Technology Group, LLC, MMOC was involved in prior litigation that pertained in part to claims for lease payments of the commercial space.  *See e.g.* Dkt. 05 at Affirmative Defenses 2- 15, ¶¶s 5-17.  On October 17, 2017, the Fairfax County, Virginia Circuit Court entered a judgment in that litigation between MMOC and another entity involved in pursuit of the government contract awards, YottaStor, LLC ("the MMOC case").  In pre-trial discovery in the MMOC case, Alliance

produced over 16,000 pages of documents in response to a witness subpoena issued to it by MMOC.

Since receiving the UBS stick with First Flight's document production, Alliance has been able to do a preliminary review of the documents that have been provided. It is apparent that with the exception of a very small handful of documents, the only thing that First Flight has done in this case is to turn back over to Alliance its document production in the MMOC case. The vast majority of documents that First Flight has produced in this case (albeit belatedly) bear the bates number designation "ALL", which is the bates number designation that Alliance used in producing documents in the MMOC litigation. Thus, five months after Alliance propounded its discovery requests to First Flight, all Alliance has received in return with some small exceptions is its own document production from the MMOC case.

First Flight's regurgitation of the prior Alliance production is plainly insufficient. Alliance specifically tailored its document requests in this case to those documents that pertain to leasing of the commercial facility, including all uses that have been made of the facility, all payments First Flight has received from any source for the facility, and transfers of funds between and among Mr. Peterson's entities. *See e.g.,* Requests Nos. 15, 18, 19, 20, 21, 22 and 23, 29 and 30:

REQUEST NO. 15: All documents that relate to or describe payments made by MMOC to Alliance pursuant to the Business Agreement, and the reasons why such payments ceased after the first two months of the Lease term.

REQUEST NO. 18: All documents that relate to or describe all agreements you and/or MMOC have entered into with any entity, including any government agency, for the leasing, use, occupancy, preservation and/or reservation of the Hagerstown Facility during the time period 2010 to the present, including any agreements relating to authorization for use of the Sensitive Compartmented Information Facility ("SCIF").

6

REQUEST NO. 19:   All documents that relate to or describe all improvements you or any other person have made to the Hagerstown Facility, including but limited to the construction of the SCIF during the time period 2010 to the present, including all invoices, purchase orders, cancelled checks, credit card statements and any other document showing or relating to payment for these improvements.

REQUEST NO. 20:   All documents that relate to or describe all uses you or any other person or entity has made of the SCIF located at the Hagerstown Facility during the time period 2012 to the present.

REQUEST NO. 21:   All documents that relate to or describe all efforts you have made to market, promote and publicize the Hagerstown Facility, including the SCIF located at the facility, during the timer period 2013 to present.

REQUEST NO. 22:   All documents that relate to or describe all monies and funds received by you, MMOC and/or Barrie Peterson during the time period 2010 to the present from the following entities and/or persons: a) Alliance Technology Group, LLC; b) Yottastor, LLC; and c) Deloitte.

REQUEST NO. 23:   All documents that relate to or describe all transfers of funds between MMOC and First Flight during the time period 2013 to the present.

REQUEST NO. 29:   Copies of your Financial Statements and Tax Returns for the last five (5) years, i.e., for 2013 to 2017.

REQUEST NO. 30:   All documents relating or describing the occupancy of the Hagerstown Facility by any entity between 2010 and the present.

Alliance cannot be not the source for the documents sought in these requests and these documents will not be found within Alliance's document production from the MMOC case.

## III.   ARGUMENT

Federal Rule of Civil Procedure 37(a)(3) allows this Court to enter an Order compelling First Flight to respond to Alliance's discovery.

Here, Alliance has attempted in good faith to work with First Flight in extending the various scheduling orders in this case, and in granting First Flight more than sufficient time to respond to Alliance's discovery.  Recently, undersigned counsel has had additional communications with First Flight's counsel about a further extension of

the Court's schedule, but Alliance fears that even with a further extension, it will find itself in the same situation it is now in. Accordingly, Alliance requests this Court enter an order compelling First Flight to file formal responses to Alliance's discovery requests within seven (7) days of the Court's Order.

Additionally, Alliance requests that this Court enter an order compelling First Flight to produce documents responsive to Document Requests 15, 18, 19, 20, 21, 22, 23, 29 and 30. It is clear from First Flight's document production (even without the benefit of its formal discovery responses) that First Flight has not produced documents responsive to these documents requests. First Flight has raised no objections to those document categories, and those categories of documents are clearly relevant to First Flight's claims and Alliance's defenses and counterclaims. Alliance therefore requests that this Court order First Flight to produce documents responsive to these document categories with fifteen (15) days of the Court's Order.

Due to First Flight's failure to respond to Alliance's discovery in a timely fashion, Alliance further requests that this Court extend the discovery schedule in this case by four months (4) months. Before depositions can be scheduled in this case, the documents described above need to be produced and reviewed. When and if Alliance obtains formal responses from First Flight to its discovery requests, Alliance will review them and may seek to compel additional responses, but until those responses have been provided, Alliance cannot predict how long resolution of discovery disputes may take. Accordingly, Alliance believes that at a minimum the Court should extend the current scheduling order by four (4) months, as reflected in the attached draft Order.

WHEREFORE, Defendant/Counter-Plaintiff Alliance Technology Group, LLC requests that this Court grant its Motion to Compel Discovery Responses and Document Production and Motion to Extend the Court's Scheduling Order.

                                          Respectfully submitted,

Dated: January 24, 2019              */s/ George F. Ritchie*
                                          George F. Ritchie, (Fed. Bar No. 22408)
                                          GORDON FEINBLATT LLC
                                          233 East Redwood St.
                                          Baltimore, MD  21202
                                          gritchie@gfrlaw.com – 410-576-4131
                                          Fax:    410-576-4269

                                          *Attorneys for Defendant/Counter-Plaintiff*