UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

FIRST FLIGHT LIMITED PARTNERSHIP,

Plaintiff,

v.

ALLIANCE TECHNOLOGY GROUP, LLC,

Defendant.

Civil Action No. TDC-18-0720

**MEMORANDUM OPINION**

This case stems from a lease agreement between Plaintiff First Flight Limited Partnership ("First Flight") and Defendant Alliance Technology Group, LLC ("Alliance"). First Flight has brought suit against Alliance for failure to pay rent in breach of the lease. Alliance has filed a counterclaim, alleging that First Flight agreed, by separate contract, to indemnify First Flight for any breach of the lease for unpaid rent. Pending before the Court is Alliance's Motion for Leave to Amend Counterclaim, which First Flight opposes. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Plaintiffs' Motion to Amend is GRANTED.

**BACKGROUND**

On October 3, 2013, First Flight, as landlord, and Alliance, as tenant, executed a lease agreement (the "Lease") for real property owned by First Flight and located in the Topflight Air Park in Hagerstown, Maryland ("the Facility"). The Facility was to be used by Alliance and a third entity, Marble Mountain OC, LLC ("MMOC"), to store electronic data in connection with a government contract award that Alliance and MMOC were jointly pursuing. Under the Lease,

Alliance was required to pay First Flight $100,000 per month in rent for the duration of the lease term, from October 15, 2013 to October 15, 2016. According to the Complaint, Alliance failed to pay rent from December 15, 2013 until the end of the lease term. Alliance admits that the Lease was executed but denies the alleged failure to pay rent and asserts, among its affirmative defenses, that First Flight committed a fraud on Alliance, at the time the Lease was entered, by leasing the Facility to others.

According to the Counterclaim, around the time the Lease was executed, First Flight, Alliance, and MMOC entered into a letter agreement (the "Business Agreement"). The Business Agreement required that, in order to preserve its opportunity to participate in any government contract, MMOC would pay $100,000 to Alliance each month, no later than five days after Alliance's rent payment to First Flight was due, until a government contract was awarded. It also required First Flight "to indemnify Alliance for the total amount of unpaid lease payments due in the event that Alliance is in breach of the Lease due to nonpayment of rents." Business Agreement at 2, Counterclaim Ex. 1, ECF No. 5-1. First Flight has denied all allegations regarding the Business Agreement.

Alliance's proposed Amended Counterclaim asserts five counts: (I) contractual indemnification, (II) recoupment, (III) setoff, (IV) detrimental reliance, and (V) unjust enrichment. Counts I through IV, as well as all of the relevant factual allegations, are substantively identical to those pleaded in the original Counterclaim. Thus, Alliance's pending Motion to Amend specifically seeks leave of the Court to add the new fifth count for unjust enrichment.

## DISCUSSION

In its Motion to Amend, Alliance argues that the Motion was timely filed, that First Flight will suffer no prejudice because the parties have not yet begun conducting depositions, and that its unjust enrichment count is neither futile nor made in bad faith. First Flight counters that the unjust enrichment claim is futile because a party cannot, as a matter of law, pursue both contract claims and quasi-contract claims when there is a contract governing the subject matter of the dispute. In its Reply, Alliance asserts that the unjust enrichment claims are not covered by the Lease or Business Agreement and, even if they were, Alliance should still be permitted to plead unjust enrichment in the alternative.

Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave" to amend "when justice so requires." "A motion to amend should be denied 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *HCMF Corp v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). Amendment is futile if the complaint, as amended, fails to state a claim upon which relief could be granted. *See id.* at 277 (finding that the plaintiff's amended complaint was futile because although it stated a new legal theory, it failed to articulate a cognizable claim upon which relief could be granted).

Under Maryland law, which the parties agree governs all claims in this case, "generally, quasi-contract claims such as quantum meruit and unjust enrichment cannot be asserted when an express contract defining the rights and remedies of the parties exists." *Cty. Comm'rs of Caroline Cty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 610 (Md. 2000) ("*Dashiell*"). Such a contract forecloses an unjust enrichment claim when it "covers" or "control[s]" the

"subject matter" underlying the claim and "define[s] the entire relationship of the parties with respect to" the subject matter. *Id.* However, even where there is a contract that governs the subject matter of a quasi-contract claim, courts recognize an exception to this rule when "there is evidence of fraud or bad faith, there has been a breach of contract or a mutual re[s]cission of the contract, when re[s]cission is warranted, or when the express contract does not fully address a subject matter." *Dashiell*, 747 A.2d at 609.

Here, the express language of the Lease and the Business Agreement addresses the subject matter of the proposed unjust enrichment claims. First, Alliance seeks reimbursement for the benefit it conferred on First Flight through the improvements it made to the Facility during the term of the lease—specifically, the construction of a Sensitive Compartmented Information Facility ("SCIF"). However, the Lease specifically provides that "all tenant improvements to the Leased Premises and the Building are to be completed by Tenant at Tenant's sole expense" and "Tenant [Alliance] covenants, at the expiration or other termination of this Lease . . . to yield to the Landlord the Leased Premises and all keys, locks and other fixtures connected therewith (except trade fixtures and other fixtures belonging to the tenant) . . . ." Lease at 5-6, Compl. Ex. 1, ECF No. 1-1. Thus, the unjust enrichment claim for the cost of the SCIF relates to a subject matter covered by the terms of the Lease.

Second, Alliance seeks to recover a $100,000 rent payment that it made to First Flight under the terms of the Lease and the Business Agreement because MMOC failed to reimburse Alliance for that payment, in breach of the Business Agreement. Regardless of MMOC's obligations to Alliance, both the Lease and the Business Agreement had provisions requiring Alliance to pay $100,000 per month to First Flight in rent. Accordingly, the subject matter of this claim is also covered by the express terms of the contracts.

However, to the extent that the existence of a valid contract remains in dispute, dismissal of a quasi-contract claim such as unjust enrichment may not be warranted. Under Federal Rule of Civil Procedure 8, a party may plead alternative or inconsistent claims. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones"); *Id.* at 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). A number of courts have required proof of the existence of a valid, governing contract before dismissal of a quasi-contract claim. *See, e.g., CDC-LCGH, LLC v. Mayor*, 313 F. App'x 637, 641-42 (4th Cir. 2009) (finding that the plaintiff was permitted to plead contract claims and quasi-contract claims in the alternative, but, on a motion for summary judgment, the unjust enrichment claim failed because the defendant had proven the existence of a valid, governing contract); *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 678 (D. Md. 2013) (stating that "a plaintiff is not barred from pleading these theories in the alternative where the existence of a contract concerning the subject matter is in dispute"); *Swedish Civil Aviation Admin. v. Project Mgmt. Enterprises, Inc.*, 190 F. Supp. 2d 785, 792 (D. Md. 2002) (holding that "[u]ntil an express contract is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment on these grounds is premature" and permitting the plaintiff to plead "both contract and quasi-contract claims in the alternative") (internal citations omitted). Indeed, *Dashiell* was decided on summary judgment, at which time the court found no genuine dispute of material fact as to the existence of a valid, enforceable governing contract. *Dashiell*, 747 A.2d at 605-06.

Notably, the pleadings here reflect several disputes as to the validity of the alleged governing contracts. Alliance asserts, as an affirmative defense, that, at the time it entered into the lease, First Flight had already leased the space to others, thereby breaching the lease and

committing a fraud on Alliance. *See Julian v. Buonassissi*, 997 A.2d 104, 119 (2010) (holding that a contract obtained by fraud is voidable at the election of the party injured by the fraud); *Dashiell*, 747 A.2d at 609 (noting an exception to the rule barring concurrent contract and quasi-contract claims when "there is evidence of fraud or bad faith"). At the same time, First Flight has, in its Answer to Alliance's Counterclaim, denied all of Alliance's allegations regarding the existence and validity of the Business Agreement, with the exception of the ambiguous statement that the "Agreement is self-explanatory." Ans. to Counterclaim ¶ 13, ECF No. 13. Where the disposition of this case will turn on the existence and validity of the Lease and Business Agreement, and where, at this stage of the case, neither contract is undisputedly valid, it would be premature to bar Alliance from pursuing its unjust enrichment claims. *See Vu Hoang v. Georgetown Contractors, Inc.*, No. 08:10-CV-2117-AW, 2010 WL 4485729, at *3 (D. Md. Nov. 9, 2010) ("Here, Defendant in its answer denies any contractual liability . . . . Therefore, while the Court recognizes that Plaintiffs will not be able to recover under both theories, Plaintiffs may plead alternatively under a theory of Breach of Contract and Unjust Enrichment"). Accordingly, on this timely Motion to Amend, the Court will permit Alliance to pursue claims for unjust enrichment in the alternative pursuant to Rules 8(d)(2) and 8(d)(3).

## CONCLUSION

For the foregoing reasons, Alliance's Motion for Leave to Amend Counterclaim will be GRANTED. A separate Order shall issue.

Date: January 28, 2019

THEODORE D. CHUANG
United States District Judge